GRAND ISLAND CANNING CO. v. COUNCIL BLUFFS CANNING CO. et al.

(Circuit Court of Appeals, Eighth Circuit. February 13, 1899.)

No. 1,015.

LANDLORD AND TENANT — ACTION FOR RENT — CONSTRUCTION OF CONTRACT OF LEASE.

Plaintiff and defendant corporations entered into a contract by which plaintiff agreed to furnish $22,000 for the erection of a canning factory, which defendant agreed to rent, paying as annual rent 10 per cent. on its cost, and also to purchase each year, at par value, not less than 10 per cent. of the capital stock of plaintiff from its stockholders, until it was all absorbed. *Held*, that under such contract the rent was to be computed on $22,000, the original cost of the factory, without including the cost of additions and improvements made by defendant after it took possession, but that defendant was bound to pay such rental until it had taken up all plaintiff's stock, whether it occupied the factory or not.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Warren Switzler (Charles G. Ryan, William A. Prince, Jacob Sims, and George H. Thummel, on the brief), for plaintiff in error.

John N. Baldwin, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an action at law for rent reserved in a contract. The court below tried it without a jury, made a special finding of facts, and rendered a judgment for $2,200 and interest for the rent for the year 1893, and for $2,200 and interest for rent for the year 1894, found that the rent for 1895 had not been paid, but held that the plaintiff in error, the Grand Island Canning Company, was not entitled to recover the rent for this year, because neither the Council Bluffs Canning Company, one of the defendants in error, nor its lessees or grantees, who had occupied the leased premises in 1893 and 1894, were in occupancy thereof in 1895. The defendants in error Daniel W. Archer, George A. Keeline, and Samuel Haas were guarantors of the contract of the Council Bluffs Canning Company. The only errors assigned are that the court should have concluded from the facts that the rental under the contract was $3,810, instead of $2,200, per annum, and should have concluded that the plaintiff in error was entitled to judgment for rent for the year 1895. The facts found by the court below which are material to the determination of the questions presented by this assignment are these: On March 18, 1887, the Council Bluffs Canning Company made an agreement with the Grand Island Canning Company whereby the latter company promised to furnish $22,000 for the purpose of purchasing a site and erecting a canning factory at Grand Island, in the state of Nebraska, and the Council Bluffs Company agreed to furnish any additional capital required to complete this factory, and to fulfill the promises contained in the following stipulation of the contract:

"The party of the first part [the Council Bluffs Canning Company] hereby underrakes and agrees to rent said property, from the time of its completion ready for use and occupancy, at an annual rental equal to ten per cent. of

the actual cost of said property, to keep the same insured for the reasonable amount of its cost, and to purchase annually and take from the stockholders of the party of the second part [the Grand Island Canning Company], at its face or par value, and they (the second parties) hereby agree to sell thereat, not less than 10 per cent., and as much more as said first party may elect, of the capital stock of the party of the second part, which shall in no case be issued for an amount more than twenty-two thousand dollars, unto the parties furnishing that amount, excepting as hereinafter provided, and to as much less as the plant may actually cost when completed."

The Grand Island Company furnished the $22,000, and the factory was completed according to the agreement, and turned over to the Council Bluffs Canning Company, about July 10, 1887. At the end of the first year, in 1888, the Council Bluffs Company redeemed 10 per cent. of the original stock of the Grand Island Company, by paying the sum of $2,200; and altogether it then advanced $15,000 or $16,000 to that company, and received some of its stock therefor. There were other facts found by the court below, but none that in any way affect the determination of the questions now at issue.

The contention that the annual rental was $3,810, instead of $2,-200, is without foundation. The contract was that this rental should be 10 per cent. of the actual cost of the property. The cost intended by the parties to the agreement was evidently the first cost, the original cost,—not the cost of the factory, with the additions and improvements which may have been subsequently made to it; and there is nothing in the findings of the court to show that this cost exceeded the $22,000 originally furnished by the Grand Island Company.

The position that the liability of the Council Bluffs Company to pay the rent was not limited by its occupancy of the property, or by the occupancy of its grantees or lessees, is of a different character. Repeated readings of the contract have failed to bring to our attention any such limitation. The substance of the agreement was that the stockholders of the Grand Island Company would furnish to the Council Bluffs Company on July 10, 1887, a factory which should cost $22,000, and that the Council Bluffs Company would pay this $22,000 back to them, in annual installments of not less than 10 per cent., on or before 10 years, and that until it did so, or until the 10 years had expired, it would pay their company a rental of $2,200 per year. There is no intimation in the contract that the liability of the Council Bluffs Company to pay this rent, or to repay this money, or to perform any of its covenants, was conditioned upon its continued occupancy of the factory, and by the plain terms of the agreement the Council Bluffs Company promised as positively to pay the rent of 1895 as it did to pay that of any previous year. The judgment below should have included $2,200 and interest for the rental of the year 1895. That judgment must be reversed, and the case remanded to the court below, with directions to enter a judgment for the rental of the years 1893, 1894, and 1895, with interest, and it is so ordered.